

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **STEPHANIE SCHILLACI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:17-CV-337-VEH |
| | ) |
| **WAL-MART STORES EAST, L.P.,** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION**

### I.  Introduction

Pending before the Court are the following motions filed by Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"):

- Motion To Compel (doc. 18) (the "Compel Motion") filed on August 22, 2017;

- Motion To Dismiss for Lack of Prosecution (doc. 19) (the "Dismissal Motion") filed on August 22, 2017;[1] and

- Motion To Strike Plaintiff's Expert Disclosures Pursuant to Rule 26, as Untimely (doc 24) (the "Strike Motion") filed on September 8, 2017.

Plaintiff Stephanie Schillaci ("Ms. Schillaci") (who is represented by counsel) has not responded to any of these motions under the schedule provided for under the Court's

---

[1] Wal-Mart's Dismissal Motion seeks a with-prejudice dismissal of this lawsuit. (Doc. 19 at 5).

Uniform Initial Order (the "UIO"). (Doc. 9 at 22 § B.2); (Doc. 29 at 1-2).

On October 3, 2017, the Court entered an Order requiring Ms. Schillaci to show cause why each motion should not be granted in light of her failure to comply with the Court's UIO. (Doc. 29 at 2). The Court expressly cautioned Ms. Schillaci that "<u>her failure to timely and adequately respond to th[at] Order may result in a dismissal of her lawsuit with or without prejudice</u>." (Doc. 29 at 2).

The 7-day deadline for Ms. Schillaci to demonstrate good cause expired on October 10, 2017. That deadline has passed without any show cause response (or a request for an extension of time in which to respond) from Ms. Schillaci. Given the procedural history set out above and the authorities discussed below, Wal-Mart's Dismissal Motion is due to be granted.

**II.  Analysis**

Wal-Mart seeks a with-prejudice dismissal of Ms. Schillaci's case for three reasons: (i) Ms. Schillaci has never provided initial disclosures under Rule 26 (doc. 19 at 4 ¶ 12); (ii) Ms. Schillaci has never provided responses to Wal-Mart's requests for production of documents (*id.* ¶ 13); and (iii) Ms. Schillaci has never given her deposition despite it having "been scheduled and canceled four times." (*Id.* ¶ 14).

Ms. Schillaci first had an opportunity to oppose these reasons under the UIO. Ms. Schillaci had a second chance to do so by responding to the Court's Order

entered on October 3, 2017. Ms. Schillaci failed to comply with both of these deadlines and her inactions have left Wal-Mart's reasons for dismissal uncontested.

Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Additionally, case law reinforces that, as a result of Ms. Schillaci's pattern of non-compliance with deadlines and disregard for orders, the Court possesses the inherent power to dismiss her entire case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and [e]nsure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy,

3

and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, Ms. Schillaci was put on unambiguous notice that the Court would consider dismissing her case <u>with prejudice</u> against Wal-Mart if she did not timely and adequately show good cause why its Dismissal Motion should not be granted. (Doc. 29 at 2). Nonetheless, she ignored that warning and missed her show cause deadline.

Further, because of Ms. Shillaci's pattern of avoiding her deposition and willfully missing other deadlines, including the UIO and discovery deadlines discussed above, the Court has no reason to believe that Ms. Shillaci's flagrant disregard of her obligations as a litigant would be rectified by an order containing lesser sanctions. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) ("[A] dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" (emphasis in original) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d

4

1454, 1456 (11th Cir. 1995))).

Thus, guided by the foregoing authorities, Wal-Mart's request for a Rule 41(b) involuntary dismissal is due to be granted and Ms. Schillaci's lawsuit is due to be dismissed with prejudice. *See Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that [s]he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case.").

### III. Conclusion

Ms. Shillaci has refused to sit for her deposition as well as to comply with multiple deadlines and orders. Ms. Shillaci also has been expressly warned about the possible with-prejudice dismissal of her case. Therefore, the relief sought by Wal-Mart is appropriate and its Dismissal Motion is due to be granted. Wal-Mart's Compel and Strike Motions are due to be termed as moot. (Doc. 29 at 2 n.2). The Court will enter a separate final judgment order.

**DONE** and **ORDERED** this the 13th day of October, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge